UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| DWAYNE A. SCOTT, ) | |
| ) | |
| Petitioner, ) | Civil No. 6:20-248-HRW |
| ) | |
| v. ) | |
| ) | |
| WARDEN JOHN GILLEY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dwayne A. Scott is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Scott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. The Respondent then filed a response in opposition to Scott's petition [D. E. No. 14], and Scott's time to file a reply brief in support of his petition has now passed. Thus, this matter is ripe for a decision. For the reasons set forth below, the Court will deny Scott's petition.

In September 2016, a federal grand jury indicted Scott, charging him with being a felon in possession of a firearm. *See United States v. Dwayne Anthony Scott*, No. 3:16-cr-124 at D. E. No. 1 (E.D. Va. 2016). Scott eventually pled guilty to the charge. *See id.* at D. E. No. 16. Then, in December 2017, the United States District Court for the Eastern District of Virginia sentenced Scott to 87 months in prison.

1

*See id.* at D. E. No. 30. Scott neither appealed the district court's judgment nor filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

That said, Scott has now filed a § 2241 petition with this Court. [D. E. No. 1]. Scott claims the Bureau of Prisons (BOP) is improperly calculating his sentence. [*See id.* at 1]. Specifically, Scott suggests he should receive credit against his federal sentence for "time spent in the custody of the U.S. Marshal Service" (USMS) while he was "awaiting trial and sentencing disposition"—i.e., in 2016 and 2017, before his federal sentence was imposed. [*Id.* at 8]. Thus, Scott asks this Court to grant him relief. [*See id.*].

Scott's petition, however, is unavailing because he has not established in any clear way that the BOP has erred in calculating his sentence. After all, the calculation of a federal prisoner's sentence is determined by 18 U.S.C. § 3585, and subsection (b) makes it clear that a defendant shall only be given prior custody credit if the applicable time period "has not been credited against another sentence." Here, the U.S. Attorney's Office, on behalf of the Respondent, has demonstrated that Scott *did* receive credit against a Virginia state sentence for the time period at issue here. [*See* D. E. No. 14 at 15]. Indeed, the U.S. Attorney's Office has represented that:

> Virginia state authorities had the Petitioner under their exclusive primary custody since June 5, 2016 (date of most recent arrest), and throughout the time federal law enforcement officers (USMS) "borrowed" him. Primary jurisdiction corresponded to the State of Virginia from the date of arrest (June 5, 2016) until the Petitioner's

expiration of the state sentence on December 17, 2018. Moreover, *the Petitioner received state of Virginia jail credit for the whole time he was under their primary custody: from the date of his arrest June 5, 2016, to the date of his release to the exclusive custody of federal authorities on December 17, 2018.*

[*Id.* (emphasis added)]. The U.S. Attorney's Office also submitted a sworn declaration from a Management Analyst at the BOP's Designation and Sentence Computation Center in which the Analyst clearly indicates that Scott did, in fact, receive credit against his Virginia state sentence for the time period at issue here. [*See* D. E. No. 19-1 at 9-10]. In light of the representations and evidence put forth by the U.S. Attorney's Office, and since Scott has not clearly demonstrated that he is otherwise entitled to relief, the Court will deny his habeas petition.

Accordingly, it is **ORDERED** that:

1. Scott's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 7th day of April, 2021.



Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**